**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 12, 2018

LETTER TO COUNSEL

RE:     *Denise Marie Smith v. Commissioner, Social Security Administration*;[1]
        Civil No. SAG-17-3297

Dear Counsel:

On November 8, 2017, Plaintiff Denise Marie Smith petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for disability benefits. (ECF No. 1). I have considered the parties' motions for summary judgment, and Ms. Smith's reply. (ECF Nos. 17, 22, 23). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the SSA if it is supported by substantial evidence and in accordance with the law. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Smith's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Smith filed a claim for Disability Insurance Benefits ("DIB") in October, 2014, alleging a disability onset date of July 2, 2013. (Tr. 189-97). Her claim was denied initially and on reconsideration. (Tr. 60-69, 71-81). A hearing was held on November 10, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 34-58). Following the hearing, the ALJ determined that Ms. Smith was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 10-18). The Appeals Council ("AC") denied Ms. Smith's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Smith suffered from the severe impairments of "lumbar degenerative disc disease with transforaminal lumbar interbody fusion, degenerative disc disease of the thoracic spine and degenerative disc disease of the cervical spine." (Tr. 12). Despite these impairments, the ALJ determined that Ms. Smith retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant
> can climb ramps and stairs occasionally but can never climb ladders, ropes or

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

scaffolds.  The claimant can occasionally stoop, balance, kneel, crouch, and crawl
but can have no exposure to unprotected heights.

(Tr. 13).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that
Ms. Smith could perform her past relevant work as an administrative assistant and office
manager, and that, therefore, she was not disabled.  (Tr. 17).

In support of her appeal, Ms. Smith advances a single argument: that the ALJ erred in the
assignment of weight to the opinion of her treating surgeon, Dr. Ravi Yalamanchili.  Pl. Mot. at
11-15.  Dr. Yalamanchili performed Ms. Smith's lumbar spine surgeries in 2013 and her cervical
spine surgery in 2016.  (Tr. 401-05, 721-22).  On October 7, 2016, Dr. Yalamanchili submitted a
form, largely suggesting that Ms. Smith would retain the functional ability to perform sedentary
work.  (Tr. 786-87).  However, in relevant part, Dr. Yalamanchili opined that Ms. Smith can sit
for only three hours total in an eight hour workday, and would miss work three or four times a
month as a result of her limitations.  *Id.* Those two restrictions would prevent Ms. Smith from
sustaining sedentary employment.  (*See* Tr. 55-56).

After reviewing that form, the ALJ recognized Dr. Yalamanchili as a "treating provider,"
but assigned his opinion "partial weight," noting that the two provisions listed above were "not
consistent with the record as a whole or internally consistent with this doctor's own treatment
notes."  (Tr. 16).  The ALJ cited to specific, substantial evidence supporting that assignment of
only partial weight: (1) Ms. Smith's report, at the August 30, 2016, appointment immediately
preceding Dr. Yalamanchili's opinion, that her pain was "0/10," that she had experienced
"excellent relief of her neck and arm symptoms" and was doing "very well" other than "a mild
ache in the back of her neck once in a while" (Tr. 16, 723); (2) Ms. Smith reported, at her
appointment in April, 2014 which was the last appointment following her lumbar spine surgery,
that she had "excellent relief" from the surgery, [2] (Tr. 16, 510); and (3) the fact that Ms. Smith
sought no lumbar spine treatment between April, 2014 and February, 2016, when her primary
complaint was cervical, not lumbar, pain. (Tr. 16).  In light of those records, there is no evident
support for a conclusion that Ms. Smith could sit for a total of only three hours per day.

Ultimately, my review of the ALJ's decision is confined to whether substantial
evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct
legal standards were applied.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  Even if there is
other evidence that may support Ms. Smith's position, I am not permitted to reweigh the
evidence or to substitute my own judgment for that of the ALJ.  *See Hays v. Sullivan*, 907 F.2d
1453, 1456 (4th Cir. 1990) (citing *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *Snyder
v. Ribicoff*, 307 F.2d 518, 529 (4th Cir. 1962)).  In light of the evidence the ALJ cited from Dr.
Yalamanchili's own treatment notes undermining the limitations he ascribed, I must affirm the
ALJ's assignment of "partial weight."

---

[2] Dr. Yalamanchili described Ms. Smith, at her April, 2014 appointment, as "asymptomatic."  (Tr. 511).

Ms. Smith argues that the ALJ lacked any medical support for the conclusion that she would be capable of greater exertional capacity than that suggested by Dr. Yalamanchili. Pl. Reply at 1-2. However, the ALJ did assign "partial weight" to the opinions of the non-examining State agency medical consultants, who had opined that Ms. Smith could perform work at the light exertional level. (Tr. 16, 66-67, 78-79). Accordingly, Ms. Smith's contention that the ALJ issued a pure "lay opinion" with no medical support is spurious, since the ALJ in fact had medical opinions suggesting that she had a greater functional capacity than sedentary work.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, (ECF No. 17), is DENIED, and Defendant's Motion for Summary Judgment, (ECF No. 22), is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge